UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. |
| | : | |
| $56,000.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| [CLAIMANT:  JAMIE FITZPATRICK] | : | February 22, 2019 |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, John H. Durham, United States Attorney for the District of Connecticut, and David X. Sullivan, Assistant United States Attorney, and respectfully states that:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.  Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendant is $56,000.00 in United States Currency ("Defendant Currency").

4. The Defendant Currency is located within the jurisdiction of this Court.

5. On November 26, 2018, Jamie Fitzpatrick submitted an administrative claim of ownership to the Defendant Currency.

## Background of Investigation

6. In July and August of 2018, a confidential source ("CS") informed law enforcement that an individual named Errol Springer ("Springer") was contacting the CS in order to broker a deal for three to five kilograms of cocaine on behalf of a drug trafficking organization based in New York City. Springer and the CS negotiated a price of $26,000 per kilogram. The CS told Springer that this price was contingent on the following: that the CS would be paid cash upon delivery; that the delivery was to take place in Connecticut; and that three or more kilograms needed to be purchased by Springer.

7. On August 23, 2018, under the direction of law enforcement, the CS contacted Springer and agreed to meet Springer in Connecticut to effectuate the narcotics transaction on August 27, 2018. The CS would later tell Springer that the CS would meet him at the IKEA on Long Wharf Drive in New Haven.

8. On August 27, 2018, law enforcement met the CS at a predetermined location and searched the CS and the CS' vehicle for the presence of narcotics and contraband and none were found. Law enforcement outfitted the CS with an audio transmitter. At this same time, law enforcement established surveillance at the IKEA parking lot.

9. Throughout the afternoon of August 27, 2018, Springer maintained contact with the CS via text messages and phone calls. Springer told the CS that he was on his way but was encountering heavy traffic. Springer also said that he would have additional people with him.

10. A short time later, law enforcement observed two vehicles, a Nissan Pathfinder driven by Springer, and a Nissan sedan driven by an individual named Demetrius Pongee Jones

("Jones"), arrive at the IKEA and park in a lot adjacent to the IKEA parking lot. Law enforcement then observed Springer exit the Nissan Pathfinder and meet with the CS. Springer told the CS that the money was in the Pathfinder and that Springer wanted the CS to go to a nearby hotel to finalize the transaction. Fearing that he/she would be robbed and/or assaulted at the hotel, the CS refused the offer of the hotel. At this time, law enforcement moved in and detained Springer and three other individuals, Jones, Jamie Fitzpatrick ("Fitzpatrick"), and Jeremia Benitez ("Benitez").

11. Law enforcement read Springer his Miranda Rights, which he acknowledged that he understood. Law enforcement asked Springer why he was waiting in the IKEA parking lot instead of going into the store. Springer was unable to provide an answer to this question. Law enforcement also asked Springer why he had not gone to an IHEA closer to his New York home. Again, Springer was unable to answer this question. Springer did eventually say to law enforcement that his purpose for being in New Haven was to meet a friend about music. Law enforcement then read Jones, Fitzpatrick and Benitez their Miranda Rights. Each one provided law enforcement with a different explanation as to why they had traveled to New Haven.

12. Law enforcement brought in a canine trained in the detection of the odor of narcotics. The canine alerted to the presence of narcotics in the Nissan sedan but no narcotics were found. The canine also alerted to the presence of narcotics in the Nissan Pathfinder. Behind plastic panels in the cargo area of the Nissan Pathfinder, law enforcement discovered a plastic bag which contained $56,095.00 in United States Currency.[1]

---

[1] As Claimant Jamie Fitzpatrick made an administrative claim to only $56,000.00 of the seized currency, $95.00 of the currency was administratively forfeited by the Drug Enforcement Administration.

13.     Springer, Jones, Fitzpatrick and Benitez were arrested and transported to the New Haven Police Department for processing and questioning.  After being advised that they were still afforded their Miranda Rights, each made statements to law enforcement.

14.     At the New Haven Police Department, Fitzpatrick told law enforcement that he had travelled to New Haven to see his cousin who "owed" him.  Fitzpatrick said he had rented the Nissan Pathfinder in Long Island.  Fitzpatrick further told law enforcement that he had been previously arrested for narcotics related violations in 2011.

15.     At the New Haven Police Department, Springer only told law enforcement that he had driven from New York to New Haven in the Pathfinder.

16.     At the New Haven Police Department, Jones told law enforcement that he is a barber and is "dead broke."  He said that he was given $300 to travel to New Haven in the Nissan sedan.  He also said that he was in the Nissan sedan by himself for the drive to New Haven.

17.     At the New Haven Police Department, Benitez told law enforcement that he and Fitzpatrick were in the Nissan sedan with Jones for the entire trip from New York to New Haven.  He said he was taking "a ride" to get away from home.  Benitez said he had known Springer for a year or two.  He also told law enforcement that he did not know who was driving the Nissan Pathfinder.

18.     Based on the above information, it is believed that $56,000.00 in United States Currency constitutes proceeds from the illegal sale and distribution of narcotics and is therefore subject to forfeiture pursuant to 21 U.S.C. Section 881(a)(6).

19.     The Defendant Currency represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for $56,000.00 in United States Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

   /s/ John B. Hughes
JOHN B. HUGHES
CHIEF, CIVIL DIVISION
ASSISTANT U. S. ATTORNEY


*/s/ David X. Sullivan*
DAVID X. SULLIVAN
ASSISTAN U.S. ATTORNEY
157 CHURCH STREET, 25TH FLOOR
NEW HAVEN, CT  06510
(203) 821-3700
FEDERAL BAR # ct03793
David.Sullivan@usdoj.gov

## DECLARATION

I am a Special Agent for the United States Drug Enforcement Administration, and the agent assigned the responsibility for this case.

I have reviewed the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of February, 2019.


    */s/ Jonah Mazzacane*
JONAH MAZZACANE
SPECIAL AGENT
U.S. DRUG ENFORCEMENT ADMINISTRATION